# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **NOVELPOINT SECURITY LLC,**<br><br>                         Plaintiff,<br>v.<br><br>**HEWLETT-PACKARD COMPANY,**<br><br>                         Defendant. | Case No. 2:13-cv-00082<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff NovelPoint Security LLC files this Complaint against Hewlett-Packard Company, for infringement of United States Patent No. 5,434,562 (the "'562 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff NovelPoint Security LLC ("Plaintiff" or "NovelPoint") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 1300 Ballantrae Drive, Allen, Texas 75013.

4. Upon information and belief, Defendant Hewlett-Packard Company ("Defendant") is a Delaware corporation with its principal office located at 3000 Hanover Street, Palo Alto, CA 94304. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, Defendant's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

### VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

### COUNT 1
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,434,562)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '562 Patent with sole rights to enforce the '562 Patent and sue infringers.

10. A copy of the '562 Patent, titled "Method for Limiting Computer Access to Peripheral Devices," is attached hereto as Exhibit A.

11. The '562 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '562 Patent, including at least claim 3, by making, using, importing, selling and/or offering for sale a computer security system and/or a security method for a computer covered by one or more claims of the '562 Patent, including without limitation encrypted storage drives such as Defendant's model(s) HP StorageWorks MSL2024

Tape Library (the "Accused Instrumentalities") used in conjunction with a computer (*e.g.*, a personal computer).

13. Upon information and belief, Defendant has induced infringement of one or more claims of the '562 Patent, including at least claim 3, by end users of the Accused Instrumentalities, with knowledge of the '562 Patent and with the specific intent to cause infringement.  Allegations regarding Defendant's knowledge of the '562 Patent are set forth in Paragraph 17 below and are incorporated by reference herein.  Defendant's specific intent to cause infringement can be inferred from the facts that Defendant makes, uses, sells, offers for sale and/or imports encrypted hard drives that perform a critical part of the infringing activity, that Defendant markets the security features of the Accused Instrumentalities that are a critical part of the infringing activity and differentiates the Accused Instrumentalities from other similar devices that do not contain such security features, that the Accused Instrumentalities cannot be used without utilizing the security feature that is a critical part of the infringing activity.

14. Upon information and belief, Defendant has contributed to infringement of one or more claims of the '562 Patent, including at least claim 3, by end users of the Accused Instrumentalities, by making, using, importing, selling and/or offering for sale the Accused Instrumentalities.  Defendant has committed the act of contributory infringement by intending to provide the Accused Instrumentalities to end users (*e.g.*, its customers) knowing that the Accused Instrumentalities are made and adapted for infringement of the '562 Patent, and further knowing that the security features of the Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantially noninfringing use.

15. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT 2
## WILLFUL INFRINGEMENT

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17. The infringement of the '562 Patent by Defendant has been willful and continued to be willful after Defendant had knowledge of the '562 Patent. Defendant had knowledge of the '562 Patent, including in at least one or more of the following ways, without limitation:

   a. The '562 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '562 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '562 Patent has been forward-cited in at least 64 subsequently-issued U.S. patents, including patents originally assigned to such prominent companies as Dell, Canon, Packard Bell, IBM (7 times), Intel, Sun Microsystems, Samsung, Lucent, Iomega, Hitachi, Myspace, Novell, Lockheed Martin, STMicroelectronics, Lenovo and Seagate.

   b. Defendant is a founding member and a current member at the highest "Promoter" level of the TCG industry consortium that establishes and promulgates certain standards for hardware-based computer security, including the TPM chip that is a critical part of Plaintiff's allegations of infringement in other related litigation in this Court, including against Defendant. Defendant also has a seat on the Board of Directors of the TCG. Because of its very nature in promulgating standards for hardware-based computer security, the TCG – and thus, its members, such as Defendant – should be aware of prominent patents in that field, such as the '562 Patent. In addition, numerous members of the TCG industry consortium are original

4

...

assignees of subsequently-issued U.S. patents that forward-cited the '562 Patent or otherwise had notice of the '562 Patent. Moreover, some of the members of the TCG industry consortium had been approached by the inventor of the '562 Patent with offers to license or otherwise utilize the inventions.

c. Defendant is a member of RPX Corporation, a defensive patent aggregation service, and one or more of the individual members of Plaintiff disclosed the '562 Patent to RPX in 2010. Upon information and belief, RPX provides its member companies with updates about patents that might be of concern to them. Because the purpose of RPX is to obtain patent rights for its members, it is plausible – and indeed, likely – that RPX would have identified the '562 Patent to Defendant and other member companies who have products implicated by the '562 Patent.

d. Through the filing and service of a Complaint against Defendant in this Court in March 2012, alleging infringement of the '562 Patent by certain products of Defendant other than those implicated in this lawsuit.

In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

18. After the time Defendant received notice of the '562 Patent, it continued to infringe the '562 Patent. Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '562 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

c) Award Plaintiff enhanced damages as provided under 35 U.S.C. § 284;

d) Award Plaintiff pre-judgment and post-judgment interest and costs;

e) Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 1, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 _/s/ Craig Tadlock_
　　　　　　　　　　　　　　　　　　　　Craig Tadlock
　　　　　　　　　　　　　　　　　　　　State Bar No. 00791766
　　　　　　　　　　　　　　　　　　　　Keith Smiley
　　　　　　　　　　　　　　　　　　　　State Bar No. 24067869
　　　　　　　　　　　　　　　　　　　　TADLOCK LAW FIRM PLLC
　　　　　　　　　　　　　　　　　　　　2701 Dallas Parkway, Suite 360
　　　　　　　　　　　　　　　　　　　　Plano, Texas 75093
　　　　　　　　　　　　　　　　　　　　903-730-6789

craig@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff NovelPoint Security LLC*