**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NOVELPOINT SECURITY LLC,<br><br>Plaintiff<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | CASE NO. 2:13-cv-00082<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**HEWLETT-PACAKARD COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF NOVELPOINT SECURITY LLC'S COMPLAINT**

Defendant HEWLETT-PACKARD COMPANY ("HP") submits its Answer to Plaintiff NOVELPOINT SECURITY LLC's ("NovelPoint") Complaint against HP, as follows:

**PARTIES AND JURISDICTION**

1. HP admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code.

2. HP admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

3. HP lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies the allegations.

4. HP admits that it is a Delaware corporation with its principal office located at 3000 Hanover Street, Palo Alto, CA 94304-1185. HP admits that it has conducted business in the State of Texas but denies that it has committed acts of infringement in Texas or anywhere else. Except as expressly admitted, HP denies the remaining allegations of paragraph 4.

5. HP denies that any of its products infringe the patents at issue in this suit. HP lacks information sufficient to form a belief as to the remaining allegations of this paragraph and on that basis denies the allegations.

**VENUE**

6. HP admits that venue is permitted in this judicial district at the present time pursuant to 28 U.S.C. §§1400(b), but denies that venue is appropriate. HP lacks information sufficient to form a belief as to the allegations of this paragraph relating to 28 U.S.C. §1391(c), and on that basis denies those allegations. Except as expressly admitted herein, HP denies the allegations of this paragraph.

**COUNT I**

**(INFRINGEMENT OF UNITED STATES PATENT NO. 5,434,562)**

7. HP realleges and incorporates by reference its answers to paragraphs 1-6.

8. HP admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code.

9. HP lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies the allegations.

10. HP admits that a copy of what purports to be the ’562 Patent, titled “Method for Limiting Computer Access to Peripheral Devices,” is attached as Exhibit A to Plaintiff’s Complaint.

11. HP lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies the allegations.

12. HP denies the allegations of this paragraph.

13. HP denies the allegations of this paragraph.

14. HP denies the allegations of this paragraph.

15. HP lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies the allegations.

## COUNT 2

## (WILLFUL INFRINGEMENT)

16. HP realleges and incorporates by reference its answers to the allegations of paragraphs 1-15 as set forth above.

17. HP denies that it has infringed the patents in suit in any manner, including willfully. HP admits that it is a member of the Trusted Computing Group industry consortium and admits that it had knowledge of plaintiff's previous complaint filed in March 2012. HP lacks information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies them.

18. HP denies the allegations of this paragraph.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, HP denies that Plaintiff is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, HP asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. HP reserves the right to amend its answer with additional defenses as further information is obtained through discovery.

**FIRST DEFENSE**

One or more claims of each of the patents-in-suit are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§101, 102, 103 and 112.

**SECOND DEFENSE**

Prosecution history estoppel bars Plaintiff from proving infringement of the asserted claims under the doctrine of equivalents. Plaintiff is estopped from construing the asserted claims of the patents-in-suit in by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that issued as the patents-in-suit.

**THIRD DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of laches.

**FOURTH DEFENSE**

Neither preliminary nor permanent injunctive relief are available to Plaintiff under the legal standards for injunctions, and a compulsory license(s) would be legal error, because, among other things, Plaintiff cannot show irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**FIFTH DEFENSE**

Damages based upon Plaintiff's allegations of infringement are barred by 35 U.S.C. §286 to the extent they seek any recovery for any alleged infringing acts that occurred more than six years before the filing of the Complaint.

## SIXTH DEFENSE

Plaintiff cannot seek damages for any activities prior to the filing of this action due to failure to provide notice to HP. Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## SEVENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

HP has not and does not infringe any valid claim of United States Patent No. 5,434,562, either directly or indirectly, literally or under the doctrine of equivalents.

## NINTH DEFENSE

Plaintiff's claims for infringement as they relate to any product manufactured by HP for use by the United States government or governmental agency are limited to the rights and remedies set forth in 28 U.S.C. § 1498. Plaintiff cannot seek damages against HP for any product made for and/or used by the United States government.

## RESERVATION OF ADDITIONAL DEFENSES

HP reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

* * *

## HEWLETT-PACKARD COMPANY'S COUNTERCLAIMS

1. Defendant HEWLETT-PACKARD COMPANY ("HP"), for its counterclaims against Plaintiff NOVELPOINT SECURITY LLC ("NovelPoint"), alleges as follows:

2. HP is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304-1185.

3. NovelPoint alleges in its complaint that it is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 1300 Ballantrae Drive, Allen, Texas 75013.

## JURISDICTION AND VENUE

4. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. §§ 2201 and 2202.

5. Venue in this district is permissible under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because NovelPoint filed its Complaint in this district.

6. By virtue of the Complaint filed in this action, an actual and justiciable controversy has arisen between HP on the one hand and NovelPoint on the other, with respect to United States Patent No. 5,434,562 ("the '562 patent").

## FACTUAL ALLEGATIONS

7. On or around February 1, 2013, NovelPoint filed its Complaint against HP alleging infringement of the '562 patent.

8. HP denies infringement of the '562 patent and asserts that the '562 patent is invalid.

## FIRST COUNTERCLAIM

**(Declaration of Noninfringement of the '562 patent)**

9. HP incorporates by reference paragraphs 1-8 as though fully pleaded herein.

10. HP has not infringed and does not infringe any valid claim of the ’562 patent, either directly, indirectly or contributorily.

11. Absent a declaration that HP does not infringe the ’562 patent, NovelPoint will continue to wrongfully assert the ’562 patent against HP, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause HP irreparable injury and damage.

12. For these reasons, there is an actual and justiciable controversy between HP and Novel Point, and HP is entitled to a decree that HP does not infringe the ’562 patent.

## SECOND COUNTERCLAIM

**(Declaration of Invalidity of the ’562 patent)**

14. HP incorporates by reference paragraphs 1-14 as though fully pleaded herein.

15. The claims of the ’562 patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 119 and 120, and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

16. Absent a declaration that the ’562 patent is invalid, NovelPoint will continue to wrongfully assert the ’562 patent against HP, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause HP irreparable injury and damage.

17. For these reasons, there is an actual and justiciable controversy between HP and NovelPoint, and HP is entitled to a decree that the ’562 patent is invalid.

## JURY DEMAND

HP demands a trial by jury of all issues so triable in this action.

## REQUEST FOR RELIEF

WHEREFORE, HP prays for judgment that:

A. The Complaint be dismissed in its entirety with prejudice;

B. Plaintiff be denied any of the relief prayed for in its Complaint or otherwise;

C. U.S. Patent No. 5,434,562 has never been, and is not now, infringed by HP directly or indirectly, or by any other person using HP's products in this judicial district or anywhere in the United States;

D. U.S. Patent No. 5,434,562 is invalid;

E. No damages or royalties are due or owing for any of the acts alleged by Plaintiff in its Complaint, nor is any preliminary or permanent injunction appropriate as a matter of law;

F. Plaintiff is barred from enforcing or attempting to enforce patent rights as against HP; and that

G. HP be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. §285 and/or 18 U.S.C. §1927 as against Plaintiff, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 14, 2013

By: */s/ Todd S. Patterson*

Todd S. Patterson
todd.patterson@dlapiper.com
State Bar No. 24060396
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, Texas 78701
Phone: 512.457.7000
Fax: 512.457.7001

***Attorneys for Defendant Hewlett-Packard Company***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on March 14, 2013 in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). The undersigned is not aware of any counsel who has not consented to electronic service.

*/s/ Todd S. Patterson*
Todd S. Patterson